**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| CITADEL SECURITIES LLC, *Plaintiff,* v. CONSOLIDATED AUDIT TRAIL, LLC, *Defendant.* | Case No. 1:26-cv-00134 |

**DEFENDANT CONSOLIDATED AUDIT TRAIL LLC'S NOTICE OF**
**SEC ACTION ON PLAINTIFF CITADEL SECURITIES LLC'S**
**PETITION FOR RULEMAKING**

Today, February 18, 2026, the Securities and Exchange Commission ("SEC") posted the attached response to Plaintiff Citadel Securities LLC's petition for rulemaking. *See* Letter from J. Matthew DeLesDernier, Deputy Secretary, SEC, to Stephen John Berger, Citadel Securities LLC (Feb. 18, 2026), https://www.sec.gov/files/rules/petitions/2026/4-878_rulemaking-petition-letter.pdf (attached hereto) ("SEC Letter").

Citadel has asked this Court to grant emergency relief to give "the SEC a chance to act" on its petition for rulemaking. Citadel Reply at 1. The SEC has now stated unequivocally that it does not need that time and, in its view, CAT LLC's use of the reserve should continue.

In so doing, the SEC dispenses with Citadel's arguments before this Court. The SEC makes clear that it is overseeing CAT LLC's use of the reserve; that that use is entirely consistent with existing regulation; and that any immediate action to freeze the reserve would be harmful. As the SEC puts it: "Immediate regulatory action to stop CAT LLC's spending of the current reserve could complicate [] ongoing initiatives." *Id.* at 2. The SEC "will specifically consider" the issues that Citadel has raised in its petition and before this Court in the course of "ongoing review" of the Consolidated Audit Trail ("CAT"), but the SEC "will not engage in an immediate rulemaking

focused on the use of the current reserve." *Id.* at 1.  The SEC thereby invokes its "discretion to determine the timing and priorities of its regulatory agenda, including with respect to discretionary rulemaking such as that requested in the petition." *Id.* at 3.

Regarding Citadel's claim that immediate action is needed, the SEC is clear that, "if the Commission were to determine that certain entities bore a disproportionate share or excessive amount of CAT operating expenses funded by the current reserve, *the imbalance could be addressed by adjusting future fees or through other actions*." *Id.* (emphasis added).  That confirms there is no irreparable harm here.

On the merits, the SEC states that regulations dating back to 2016 empower CAT LLC to maintain "'any reserve … appropriate for prudent operation of the Company.'" *Id.* (quoting Order Approving the National Market System Plan Governing the Consolidated Audit Trail, 81 Fed. Reg. 84,696, 84,967 (Nov. 23, 2016)).  Consistent with CAT LLC's position before this Court, "spending the reserve on current CAT operating expenses 'offset[s]'" future fees within the meaning of existing regulations because it "necessarily reduces [] fees CAT LLC would otherwise be able to collect from the SROs and broker-dealers to cover these costs later." *Id.*  The SEC is explicit: Regulations "do not require the return of any, or all, of a surplus to broker-dealers as the petition requests." *Id.*  Nor does the Eleventh Circuit's decision *in American Securities Association v. SEC*, 147 F.4th 1264 (11th Cir. 2025), "compel immediate action." *Id.* "The Eleventh Circuit's decision does not order that fees collected pursuant to the now-vacated 2023 Order be returned or otherwise dictate what CAT LLC may do with those fees"; that court "did not provide" for such a remedy.  SEC Letter at 2.

With this letter, the SEC has, at minimum, dispensed with Citadel's request for a preliminary injunction and has likely mooted the entire case. If Citadel disagrees with the SEC's judgment about how to handle CAT LLC's reserve, it may take it up with the Commission.

Dated: February 18, 2026.                    Respectfully submitted,

                                             /s/ Ian Heath Gershengorn
Gregory M. Boyle                             Ian Heath Gershengorn
JENNER & BLOCK LLP                               Counsel of Record
353 N. Clark Street                              (DC Bar No. 448475)
Chicago, IL 60654                            Elizabeth B. Deutsch
(312) 527-0484                                   (DC Bar No. 1719602)
(pro hac vice)                               Sophia W. Montgomery
                                                 (DC Bar No. 1753637)
                                                 (D.D.C. admission pending)
                                             JENNER & BLOCK LLP
                                             1099 New York Avenue, NW
                                                 Suite 900
                                             Washington, DC 20001
                                             (202) 639-6000
                                             igershengorn@jenner.com

                                             Counsel for Defendant Consolidated
                                             Audit Trail, LLC

**CERTIFICATE OF SERVICE**

I hereby certify that on February 18, 2026, I filed the foregoing document with the Clerk

of Court for the U.S. District Court for the District of Columbia using the court's CM/ECF system.

I further certify that a copy of the foregoing and accompanying documents will be sent via email

to the below:

Noel J. Francisco
Brian C. Rabbitt
Brinton Lucas
Christopher S. Dinkel
JONES DAY
51 Louisiana Avenue, NW
Washington, DC 20001
(202) 879-3939
njfrancisco@jonesday.com
brabbitt@jonesday.com
blucas@jonesday.com
cdinkel@jonesday.com

David Phillips
JONES DAY
4655 Executive Drive, Suite 1500
San Diego, CA 92129
(858) 314-1200
davidphillips@jonesday.com

Dated: February 18, 2026

Respectfully submitted,

 /s/ Ian Heath Gershengorn
Ian Heath Gershengorn
  (DC Bar No. 448475)
JENNER & BLOCK LLP
1099 New York Avenue, NW
  Suite 900
Washington, DC 20001
(202) 639-6000
igershengorn@jenner.com

*Counsel of Record for Defendant*
*Consolidated Audit Trail, LLC*

1