

**UNITED STATES**
**SECURITIES AND EXCHANGE COMMISSION**
100 F Street, N.E.
Washington, D.C. 20549

**OFFICE OF**
**THE SECRETARY**

February 18, 2026

Mr. Stephen John Berger
Global Head of Government & Regulatory Policy
Citadel Securities LLC
425 Park Avenue
New York, New York 10022

Re:    Rulemaking Petition File No. 4-878

Dear Mr. Berger:

This letter responds to the petition filed by Citadel Securities, LLC requesting that the Commission engage in discretionary rulemaking to amend the National Market System Plan governing the Consolidated Audit Trail (CAT NMS Plan). The petition requests amendments to the CAT NMS Plan that would require Consolidated Audit Trail, LLC (CAT LLC or the Company), in the absence of an operative funding model approved by the Commission, to obtain the Commission's approval before spending its operational reserve, and would direct CAT LLC to return some or all of its current reserve—derived from the accumulation of CAT fees—to the self-regulatory organizations (SROs) and broker-dealers that paid into it. The petition raises important questions as to whether additional limits on the accumulation and use of any operational reserve may be appropriate. The Commission will specifically consider those issues in its ongoing review of CAT but will not engage in an immediate rulemaking focused on the use of the current reserve.

As the petition recognizes, the Commission is engaged in a comprehensive review of CAT. *See* Securities and Exchange Commission, *Regulatory Flexibility Agenda: Evaluating the Continued Effectiveness of the Consolidated Audit Trail* (Spring 2025), https://tinyurl.com/4zkybbej; Chairman Paul S. Atkins, Prepared Remarks Before SEC Speaks (May 19, 2025), https://tinyurl.com/3cxmwn8w. The Commission is also considering amendments to the CAT NMS Plan proposed by the SROs that would implement a new funding model governing the allocation of CAT costs between the SROs and broker-dealers and new cost savings measures. *See* Notice of Filing of Amendment to the National Market System Plan Governing the Consolidated Audit Trail to Further Reduce the Costs of the Consolidated Audit Trail, 90 Fed. Reg. 61,506 (Dec. 31, 2025); Notice of Filing of Amendment to the National Market System Plan Governing the Consolidated Audit Trail Regarding CAT Funding Model, 90 Fed. Reg. 44,910 (Sept. 17, 2025). The issues raised in these ongoing initiatives could impact the Commission's consideration of the accumulation and use of a

1

reserve fund for CAT.  The Commission's view is therefore that reserve fund issues should be considered in connection with those initiatives.

Immediate regulatory action to stop CAT LLC's spending of the current reserve could complicate those ongoing initiatives.  The petition asserts that the issues it raises cannot await the outcome of the Commission's comprehensive review because any current reserve funds spent in the interim will be "unrecoverable" by both broker dealers and the Commission.  Pet. 6, 9.  However, if the Commission were to determine that certain entities bore a disproportionate share or excessive amount of CAT operating expenses funded by the current reserve, the imbalance could be addressed by adjusting future fees or through other actions.

The petition further asserts that immediate action is necessary in light of the petition's assertion that CAT LLC's use of the reserve violates the terms of the CAT NMS Plan as approved by the Commission in 2016.  Pet. 5-6.  However, the Plan as approved at that time contemplated that the costs of CAT were to be "shared among the [SROs] and Industry Members."  Order Approving the National Market System Plan Governing the Consolidated Audit Trail, 81 Fed. Reg. 84,696, 84,967 (Nov. 23, 2016).[1]  The relevant Plan provisions provide that CAT's annual operating budget, which is funded through the collection of fees, may include "the funding of any reserve that the Operating Committee reasonably deems appropriate for prudent operation of the Company."  *Id.*  The Plan further specifies that "[a]ny surplus of the Company's revenues over its expenses shall be treated as an operational reserve to offset future fees."  *Id.*  By their terms, these provisions do not require the return of any, or all, of a surplus to broker-dealers as the petition requests.  And spending the reserve on current CAT operating expenses "offset[s]"—that is, it necessarily reduces—fees CAT LLC would otherwise be able to collect from the SROs and broker-dealers to cover those costs later.  *See id.* at 84,792, 84,881 (explaining that these provisions "formalize[d]" the SROs' representation that they would operate CAT "on a break-even basis" and that any "profits from fees will go toward funding future costs instead of being redistributed among the SROs").

Finally, the Eleventh Circuit's decision in *American Securities Association v. SEC*, 147 F.4th 1264 (11th Cir. 2025), does not compel immediate action.  Pet. 7.  In that case, the Eleventh Circuit vacated a 2023 Commission order approving a new funding model for allocating the costs of CAT between the SROs and their broker-dealer members (2023 Order) because the Commission did not sufficiently "explain or justify" certain of its determinations.  147 F.4th at 1269, 1274.  The Eleventh Circuit's decision does not order that fees collected pursuant to the now-vacated 2023 Order be returned or otherwise dictate what CAT LLC may do with those fees.  Nor did the 2023 Order itself provide for such a remedy.

---

[1] Under the Plan as approved in 2016, the Operating Committee of CAT LLC has the discretion (subject to the funding principles set forth in the Plan) to establish funding for the Company to operate the CAT, including by establishing fees to be paid by the SROs and broker-dealers.  81 Fed. Reg. at 84,967.  The SROs are required to file with the Commission, pursuant to Section 19(b) of the Securities Exchange Act of 1934, any such fees on broker-dealers that the Operating Committee of the Company approves.  *Id.*

The Commission has already added a re-evaluation of CAT to its regulatory agenda. The Commission has discretion to determine the timing and priorities of its regulatory agenda, including with respect to discretionary rulemaking such as that requested in the petition. *See, e.g.*, *Massachusetts v. EPA*, 549 U.S. 497, 527 (2007) ("[A]n agency has broad discretion to choose how best to marshal its limited resources and personnel to carry out its delegated responsibilities."). The Commission will consider the important questions raised by the petition—including whether additional limits on the accumulation and use of a CAT reserve fund may be appropriate going forward—as part of the ongoing CAT initiatives discussed above. The Commission is aware of the need to address many aspects of the CAT, and is committed to a thorough, comprehensive review to assess potential modifications.

By the Commission.

**J. Matthew DeLesDernier,**
*Deputy Secretary.*